# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Waycross Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| RONNEY JOHNSON ) | |
| SUE JOHNSON ) | Number <u>14-50695</u> |
| ) | |
| *Debtors* ) | |
| ) | |
| ) | **FILED** |
| ) | Lucinda B. Rauback, Clerk |
| 21ST MORTGAGE CORPORATION, ) | United States Bankruptcy Court |
| Its Successors or Assigns ) | Savannah, Georgia |
| ) | By rsimmons at 10:01 am, Feb 23, 2015 |
| *Movant* ) | |
| ) | |
| v. ) | |
| ) | |
| RONNEY JOHNSON, ) | |
| SUE JOHNSON, and ) | |
| M. ELAINA MASSEY, TRUSTEE ) | |
| ) | |
| *Respondents* ) | |

### OPINION AND ORDER ON MOTION FOR RELIEF FROM STAY

The above Motion for Relief from the Automatic Stay (the "Motion") was filed by 21st Mortgage Corporation ("Movant") on December 4, 2014. Dckt. No. 26. An earlier Motion was filed on October 2, 2014, by Movant but was dismissed without prejudice. Dckt. Nos. 15, 22. Movant alleges that it conducted a non-judicial foreclosure sale on September 2, 2014, following all the applicable procedures of Georgia law. Dckt. No. 26.

Movant concedes that although the sale was conducted on September 2, 2014, the deed was not executed until September 15, 2014, and was not filed of record in the Office of the Clerk of Superior Court of Coffee County until September 22, 2014. Ex. H, Dckt. No. 26. During the interim, on September 17, 2014, Debtors filed this Chapter 13 case. Dckt. No. 1.

Debtors oppose the Motion on two grounds. First, Debtors contend that the foreclosure sale was not effectuated until the foreclosure deed was recorded on September 22, which occurred postpetition. As such, Debtors argue that their bankruptcy estate, created when the Chapter 13 case was filed on September 17, included an interest in this Property; therefore, they should be permitted to maintain the regular payments, cure the arrearage on the mortgage indebtedness, and retain ownership of the home and the real estate on which it is located. Second, Debtors contend that even if the foreclosure sale announced on the courthouse steps was otherwise legally sufficient to convey all their interest in the Property and remove it from the bankruptcy estate, the foreclosure process was not conducted in accordance with Georgia law and therefore can be voided by the Court.

An evidentiary hearing was held on January 27, 2015, to address these objections, and based on that hearing, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Movant forwarded a Notice of Acceleration and Foreclosure pursuant to O.C.G.A. § 44-14-162.2 on August 1, 2014. Ex. D, Dckt. No. 26. The Notice was sent via certified mail to Debtors' address and signed for by one Makalan Johnson on August 4, 2014. Ex. E, Dckt. No. 26. Movant also forwarded the required notice pursuant to the Fair Debt Collection Practices Act on August 1, 2014. Ex. F, Dckt. No. 26.

*The Douglas Enterprise*, the legal organ for foreclosure advertisements in Coffee County, Georgia, duly published in accordance with Georgia law, the legal advertisements necessary to permit the foreclosure to proceed on the first Tuesday in September. Ex. G, Dckt. No. 26.

Counsel for the lender appeared and testified at the hearing that the sale was physically conducted by Bridgewater & Associates, Inc. ("Bridgewater"), an outside agent employed by Movant's law firm. Counsel produced a document which appears to constitute a report from Bridgewater to Counsel evidencing the fact that the property was knocked off in accordance with law on the courthouse steps on the date and time shown, September 2, 2014, at 11:10 a.m. Movant's Ex. I. The document was executed by an individual whose name cannot be discerned from an examination of the document's signature line, and Counsel conceded that she too was unable to readily identify the individual by examining the document. She did however testify, and I accept as fact, that an individual from Bridgewater sent her an email containing similar information as that found in the document identified as

Exhibit I. Debtors objected to the admission of Exhibit I on hearsay grounds, and Movant offered the exhibit under Fed.R.Evid. 803(6), the Business Records Exception to the hearsay rule.

Evidence further revealed that Makalan Johnson is the granddaughter of Debtors, and that she does not reside at Debtors' residence. Rather, she lives next door at 3614 Cross Road, Douglas, Georgia. 3610 Cross Road is the proper address for service of the Notice of Foreclosure and is in fact the address noted on the United States Postal Service label. Ex. E, Dckt. No. 26. It was further established, and I conclude, that Makalan Johnson is fourteen (14) years of age and did not subsequently deliver the letter to either of the Debtors. Based on this fact, Debtors argue that they did not properly receive the Notice of Foreclosure required by Georgia law.

Accordingly, on the grounds that: (1) Exhibit I lacks proper authentication and is hearsay, and there is no other evidence proving the manner in which the foreclosure sale was conducted; and (2) the Notice alluded to *supra* was not properly delivered, Debtors asked the Court to deny the Motion, conclude that the real estate is property of the bankruptcy estate, and allow them to provide for the debt to Movant in their Chapter 13 Plan.

Debtors' account status as established at the hearing indicates that it has been contractually due since November 2013, rendering a total prepetition amount of approximately $7,100.00 and a postpetition amount of $2,695.00. No payments have been

received since October 2013. Debtors' Plan provides for a $775.00 monthly payment to the trustee for a minimum of thirty-six (36) months which Debtors believe will adequately fund the arrearage and the other obligations in the case based on claims as now known.

At the January 27 hearing, Debtor/Wife testified that at an earlier hearing in November 2014, she brought two payments to court that she was willing to tender in order to bring the postpetition arrearage current, but because the earlier Motion was dismissed without prejudice, she did not tender those payments, uncertain as to whether she would ultimately be permitted to keep her home. She further testified that she no longer had those two payments or any subsequent monthly payment to tender, but that she would make four payments within thirty days to satisfy the postpetition arrearage if the Court permitted.

## CONCLUSIONS OF LAW

As a threshold matter, the Court will first address Debtors' contention that the Property is part of the bankruptcy estate because the deed was not recorded with the Clerk of the Coffee County Superior Court until after Debtors' petition was filed. In a recent decision this Court held that the bankruptcy courts for the Southern District of Georgia have found that a debtor's equity of redemption "terminates upon sale to the highest bidder on the date the foreclosure is held even though the foreclosure deed is not recorded." Gadson v. Fed. Nat'l Mortg. Ass'n (In re Gadson), 2013 WL 5817708, at *2 (Bankr. S.D. Ga. Oct. 29, 2013). These holdings find strong support in decisions from the Georgia courts. *See* Carrington v. Citizens Bank of Waynesboro, 144 Ga. 52 (1915)("Where a sale of land is made under a

power contained in a security deed . . . the grantor cannot defeat the purchaser's right to have the sale fully consummated, by tender of the amount of his indebtedness to the grantee before the actual execution of the deed pursuant to the terms of the sale."); *see also* McKinney v. South Boston Sav. Bank, 156 Ga.App. 114, 116 (1980).

Therefore, assuming the foreclosure sale was conducted in accordance with Georgia law, Debtors' right of redemption under state law expired at 11:10 a.m. on September 2, 2014, leaving Debtors with no interest in the Property when they filed their petition on September 17. Accordingly, the Property would not be property of Debtors' bankruptcy estate.

However, Debtors did challenge the adequacy of the foreclosure process under Georgia law. First, Debtors argued that they did not receive the Notice of Acceleration and Foreclosure because it was received and signed for by their 14 year-old granddaughter who lives next door. As mentioned *supra*, I accept as fact the testimony of Debtor/Wife that the granddaughter never delivered the Notice to Debtors; however, that fact is irrelevant under Georgia law.

A notification of the sale under power *correctly addressed* to the grantor of the security deed in accordance with O.C.G.A. § 44-14-162.2 is sufficient according to the Supreme Court of Georgia in its seminal case on this issue, McCollum v. Pope, 261 Ga. 835 (1992). "[T]he actual receipt (or want of receipt) by the grantor of the notice of sale under

power is immaterial to the right of the grantee to sale under power." *Id.* at 835-36.

In another case decided by the Supreme Court of Georgia with facts similar to the case *sub judice*, the bank/grantee of a security deed sent a notification of foreclosure to the grantor via certified mail. Parks v. Bank of New York, 279 Ga. 418, 419 (2005). The certified mail receipt was signed, yet the grantor claimed that she never received notice and that someone else unknown to her signed the receipt. *Id.* The court held:

> [T]his Court plainly determined [in McCollum] that when the grantee in a security deed mails a notification of the sale under power *correctly addressed* to the grantor of the security deed in accordance with the provisions of O.C.G.A. § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power. We decline Parks's invitation to invalidate McCollum and its progeny.

*Id.* at 420 (emphasis added).

Here, although Debtors did not receive the Notice because it was delivered to and signed for by their granddaughter who lives next door, it is undisputed that the Notice was correctly addressed. *See* Ex. E, Dckt. No. 26. Accordingly, I find that the lack of receipt is immaterial under Georgia law.

Debtors also objected to Exhibit I on hearsay grounds, presumably challenging whether the foreclosure sale was conducted in accordance with Georgia law or,

perhaps, whether the foreclosure sale actually occurred at all. Movant seeks to have the exhibit admitted under the Business Records Exception to the hearsay rule, Fed.R.Evid. 803(6).

Under this rule a record of an act, event, condition, opinion, or diagnosis can be admitted if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed.R.Evid. 803(6).

Movant's attorney testified that she prepared the form document, Exhibit I, and a representative of Bridgewater filled in the blanks of the form during the sale. This satisfies Subpart (A). As for Subparts (B) and (C), Counsel testified that these forms are generated and retained in the client's file by Topping & Associates ("Topping") for foreclosure sales in the normal course of its business. Moreover, the form is regularly completed by someone from Topping or its preferred vendor, Bridgewater, depending on

who actually conducts the sale. Counsel also testified that she is the individual who generates the form and stores the completed version in the client's file, thus satisfying Subpart (D).

That leaves Subpart E and perhaps the linchpin of the analysis, the trustworthiness of the source. U.S. v. Metallo, 908 F.2d 795, 799 (11th Cir. 1990)(affirming the district court which found "that the key word used . . . in response to the hearsay objection was 'trustworthiness'" and that courts have considerable discretion in that area). Debtors objected to the exhibit because it was completed by a representative of a third party entity who did not testify at the hearing and whose identity could not be discerned from examining the document.

However, "[t]hat the witness and his company had neither prepared the certificate nor had first-hand knowledge of the preparation does not contravene Rule 803(6)." U.S. v. Parker, 749 F.2d 628, 633 (11th Cir. 1984). Moreover, "the person who actually prepared the documents need not have testified so long as *other circumstantial evidence and testimony* suggest their trustworthiness." *Id.* (emphasis added)(*quoting* Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1259 (11th Cir.1983)).

Counsel testified that she received an email from Bridgewater shortly after the sale was conducted with similar information as that found in Exhibit I. She also testified that she received a phone call from a Bridgewater representative the day of the sale describing the details of the foreclosure auction. And, also worth noting, is the fact that the

document contains the name and phone number of a witness. All things considered, Movant has arguably provided more than enough circumstantial evidence to carry its burden of proving that the document is trustworthy.

However, Topping frequently uses Bridgewater to conduct foreclosure sales on its behalf. That being the case, it is not overly burdensome to require Topping to identify the individual who conducted the sale and executed the document. And recently, Topping did just that. On February 5, 2015, Topping filed an affidavit of Early Bruce Brewer, who, according to his sworn statement, is authorized to conduct the auction portion of foreclosure sales for Bridgewater. Mr. Brewer's affidavit further states:

> On September 2, 2014, affiant appeared before the Coffee County Courthouse. Affiant opened the foreclosure sale at 11:07 a.m. EST, by reading directly from the foreclosure bidding instructions provided by Topping & Associates, LLC. A copy of said bid instructions is attached hereto as Exhibit "1" and incorporated herein by reference.
>
> The property sold to [sic] back to the lender, 21st Mortgage Corporation, for the sum of $45,000.00 (forty-five thousand dollars and 00/100s). Affiant declared the sale to be closed at 11:10 a.m., EST. Stephanie Braswell witnessed the sale by printing her name and phone number on the bid instructions.

Ex. 1, Dckt. No. 34. The recently-filed affidavit further supports the trustworthiness of Exhibit I. Therefore, I find that the document meets the Business Records Exception and provides proof that the sale was conducted in accordance with Georgia law on September 2,

2014. Debtors had no interest in the Property when they filed their bankruptcy petition on September 17, 2014.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, it is the ORDER of this Court that Movant's Motion for Relief from Stay is hereby granted. Movant is free to record its foreclosure deed with the Clerk of the Coffee County Superior Court.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 18th day of February, 2015.